**FOOD SERVICE, INC., Plaintiff,**

v.

**TRADE STREET RESEARCH, INC.; William A. White; Loyd Daniel; and Daniel, McKee & Company, Defendants.**

No. C–C–89–210–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 12, 1990.

Mary Gordon Baker, Paul A. Dominick, Aleta M. Pillick, Columbia, S.C., for plaintiff.

William A. White, Trade Street Research, Inc., Charlotte, N.C., pro se.

R. Davis Howser, Richardson, Plowden Grier & Howser, Cola, S.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

## I. INTRODUCTION

THIS MATTER is before the Court on Defendants' William A. White (hereinafter "White") and Trade Street Research, Inc. (hereinafter "Trade Street") Motion, filed September 19, 1989, to add third-party defendants and to permit additional cross-claims.

The Motion is brought pursuant to Rules 13(e) and 13(h) of the Federal Rules of Civil Procedure. Rule 13(h) provides that:

Persons other than those parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

In relation to Rule 13(h), Defendants White and Trade Street move to add cross-claims to the following unnamed parties:

(1) A.E. Rountree—President of Plaintiff Corporation.

(2) Grant L. Hamrick—Friend and business associate of Mr. Rountree.

(3) Nexsen, Pruet, Jacobs & Pollard—Plaintiff's law firm (hereinafter "Nexsen, Pruet").

(4) Mark L. Bender, Esquire—Attorney with Nexsen, Pruet.

(5) Aleta M. Pillick—Former Attorney with Nexsen, Pruet.

Defendants White and Trade Street also move to add further cross-claims to two named co-defendants—Daniel, McKee & Co. (the accounting firm for K & W Cafeterias, Inc.) (hereinafter "K & W") and Loyd Daniel (a partner with Daniel, McKee & Co.).

## II. FACTUAL BACKGROUND

The Facts of this matter reveal a relatively simple contract dispute.

Plaintiff alleges that in January 1987, Defendant White, as the director of Trade Street, approached Plaintiff about the possible interest of Plaintiff in purchasing K & W. A "Memorandum of Understanding" was entered into by Defendants White and Trade Street with Plaintiff in which White agreed to act as an agent for Plaintiff in the acquisition of K & W. Plaintiff agreed to reimburse Trade Street in accordance with an established schedule if the sale was consummated and to advance Trade Street $25,000.00 against costs.

White contacted Loyd Daniel of the Daniel, McKee & Co. accounting firm to inquire about the possibility of Plaintiff acquiring K & W. Daniel, who was K & W's accountant, informed White that he believed a sale was possible.

Various meetings with White, Daniel and Plaintiff's President (Rountree) followed. Certain confidential documents about K & W were disclosed to Plaintiff. In March 1987, White represented to Plaintiff that Trade Street required a loan in order to continue pursuing a deal. Plaintiff mailed $150,000.00 to Trade Street in exchange for a two year $200,000.00 promissory note.

Thereafter, the negotiations broke down. Naturally, both parties contend the other is responsible for Plaintiff's subsequent inability to purchase K & W. Plaintiff claims that Defendants White and Trade Street have failed to repay the promissory note and that Defendants White and Trade Street owe Plaintiff the $25,000.00 advanced to cover initial costs. Defendants White and Trade Street assert that Plaintiff sabotaged the deal in an attempt to consummate the deal without having to pay the agreed upon acquisition fee.

## III. LEGAL ANALYSIS

### A. Non–Party Cross–Claims.

■ 1. *A.E. Rountree and Grant L. Hamrick.* Defendants White and Trade Street urge the Court allow cross-claims against Mr. Rountree and Mr. Hamrick.

According to Defendants White and Trade Street, Rountree and Hamrick entered into an agreement to acquire K & W and to by-pass the contractually required use of Defendants White and Trade Street as the acquisition agent. Hence, Defendants White and Trade Street assert that Rountree, as an individual, breached the contract between Plaintiff and Defendants White and Trade Street and both Rountree and Hamrick tortiously interfered with the contract.

In adding non-party cross-claims to an action, the Court is referred by Rule 13(h) to Rule 19 in deciding whether the cross-claim is appropriate. Rule 19(a) allows joinder if the party is subject to service of process and if joinder will not deprive the Court of jurisdiction over the subject matter of the action. In addition, the Rule requires a showing be made that either (1) complete relief cannot be accorded among the parties if joinder is not granted or (2) the party to be joined claims an interest in the subject matter of the action and that his absence may (i) impair or impede his ability to protect that interest or (ii) subject any of the parties to multiple or otherwise inconsistent obligations.

In this case, Rountree and Hamrick do not claim a personal interest in this action. Therefore, any successful joinder argument must be made pursuant to Rule 19(a)(1)—an inability by Defendants White and Trade Street to recover complete relief absent joinder.

The purpose of Rule 19 is towards entertaining the broadest possible scope of action, consistent with fairness to parties. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Thus, joinder of claims is strongly encouraged when to do so promotes the full adjudication of disputes with a minimum of litigation effort. *See* 7 Wright and Miller, *Federal Practice and Procedure*, § 1602 at 19 (West 1988) (hereinafter "Wright & Miller").

A precise formula to determine whether a non-party may be joined to an action does not exist. *Id.* at § 1604, page 40. However, case law indicates that the decision must be made on a case-by-case basis with the Court balancing such factors as judicial economy against the need to protect absent persons. In any event, the decision is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.*

The Court believes that joinder is not appropriate as to Rountree. In Plaintiff's Verified Complaint, Plaintiff stated that "[A]t all times relevant hereto, plaintiff acted by and through its president and agent A.E. Rountree." *See Plaintiff's Verified Complaint*, filed December 7, 1988, at 2, paragraph 1. Defendants White and Trade Street admitted that this assertion was accurate. *See Defendants' Answer and Counterclaim*, filed January 3, 1989, at 3, paragraph 1. Therefore, the Court concludes that Rountree was acting at all times in connection with his role as Plaintiff's President. Accordingly, it appears that any actionable claim by Defendants against Rountree is attributable to Plaintiff and not to Rountree individually.

The Court believes that Defendants White and Trade Street have failed to show that it cannot be accorded full relief in the absence of Mr. Rountree being joined as required by Rule 19(a)(1). To the contrary, Defendants White and Trade Street allege the same basis for recovery in this Motion as their fourth counter-claim and defense—namely, that "plaintiff (through its president Mr. Rountree) attempted to sabotage and ruin any chance of Trade Street's fulfilling its duties to assist Plaintiff in the possible acquisition of K & W ..." *See Defendant's Answer and Counterclaim*, filed January 3, 1989, at 19–20, paragraph 5.

The Court sees little, if any, value or benefit in adding Rountree for the sole purpose of enabling Defendants White and Trade Street to make the same claim against Plaintiff in only a slightly different fashion. Moreover, the record in this matter indicates that the parties have been less than amicable in their approach to resolving this matter. Therefore, the Court cannot ignore the possibility that Defendants White and Trade Street have filed this Mo-

tion with the intent to delay the disposition of this matter or to harass Plaintiff and its President.

Furthermore, the Court believes that it is impossible in this case for Rountree to have tortiously interfered with the contract between Plaintiff and Defendants White and Trade Street. Implicit in a tortious interference of contract action is the presence of a third party that induces a breach by a party to the contract. *See generally* 45 Am.Jur.2d *Interference* § 39, at 314, (1969) (listing elements for interference action). In this case, Rountree was acting on behalf of Plaintiff. Therefore, Rountree was not a third party attempting to interfere with the contract.

For much of the same reasons as cited above, the Court believes Hamrick should not be joined in this action. Defendants White and Trade Street indicate Hamrick may have participated with Rountree in breaching the contract. However, the Court again believes that Defendants White and Trade Street have failed to show that complete relief cannot be accorded absent joining Hamrick as required by Rule 19. As stated above, Defendants White's and Trade Street's basic contention is with Plaintiff's failure to complete the deal to purchase K & W. At this point, the evidence of Hamrick in frustrating that deal is ambiguous. The Court believes that allowing the joinder of Hamrick would only cloud the issues in this case and further delay the disposition of this matter.

2. *Nexsen, Pruet; Mark L. Bender; and Aleta M. Pillick.* Defendants White and Trade Street argue that the Plaintiffs' attorneys should be added as third-party defendants, and that Defendants White and Trade Street should be permitted to bring cross-claims against the attorneys for extortion and fraud. Defendants White and Trade Street claim that the attorneys wrote letters to potential defendants in this matter prior to filing the Complaint. The letters offered to drop those persons as potential defendants from the lawsuit in exchange for a cash payment to Plaintiff. Two persons, Henry L. Sloan, III and C.D. Siczek, paid $15,000.00 each and were not included in the suit. Defendants White and Trade Street refused to pay approximately $250,000.00 and were named in the suit. According to Defendants White and Trade Street, such action by Plaintiff's attorneys amounted to fraud and extortion.

The Court disagrees. Even when taken in a light most favorable to Defendants White and Trade Street, the information presented to the Court demonstrates Plaintiff's attorneys engaged in standard pretrial settlement negotiations. Plaintiff's attorneys had no personal interest in the transaction. Therefore, the Court believes that Defendants White's and Trade Street's assertion that the attorneys should be named as third-party defendants is meritless.

Even if Defendants White and Trade Street stated a meritorious reason under Rule 19 to add the attorneys, the Court believes that it would nonetheless still have to deny the Motion. The Court believes Plaintiff would be prejudiced by adding the attorneys to this action at such a late date. There is a substantial possibility that the attorneys would have to withdraw from the case because of a conflict of interest. When a joinder comes so late in the litigation that it will delay the case or prejudice any of the parties to the action, the Motion should be denied. *See* Wright & Miller, § 1688 at 467–69; *Goldberg v. Meridor,* 81 F.R.D. 105 (S.D.N.Y.1979) (denying motion to add law firms as defendants because of prejudicial result of depriving party to action of their counsel).

B. *Additional Cross–Claims Against the Named Co–Defendants—Loyd Daniel and Daniel, McKee & Company.*

Defendants White and Trade Street move the Court to permit the additional cross-claims against the co-defendants of non-payment of a debt and slander. Defendants White and Trade Street believe that discovery has shown that the co-defendants owe Defendants White and Trade Street $15,000.00 for their efforts in projects related to the attempted K & W acquisition. Moreover, Defendants White and Trade Street claim that they were slandered by

the co-defendants' statement that they did not give documents to White and Trade Street, and that if the documents came from the co-defendants' office, Defendant White stole them.

■ Defendants White and Trade Street rely on Rule 13(e) in bringing these additional cross-claims. However, that Rule relates to *counterclaims* maturing or acquired after pleading. Therefore, relief is not appropriate under this Rule.

■ The Court does believe Defendants White's and Trade Street's cross-claim regarding non-payment of the $15,000.00 is appropriate as an amended pleading under Rule 15(a). That Rule provides that a party may amend its pleading by leave of court, and that leave shall be freely given when justice so requires. The prominent factor in allowing an amended pleading is whether the opposing party will be prejudiced. *See* Wright & Miller, § 1487 at 428–29. As to the claim of $15,000.00, it is obvious that the claim arises out of the same action. No substantial delays will be incurred if the amended pleading is permitted, nor will the co-defendants be subjected to undue hardship. Thus, the Court believes Rule 15(a) permits the cross-claim. The Court will treat the cross-claim as an amendment to Defendants White's and Trade Street's Answer. Plaintiff is directed to respond to the amendment as provided in Rule 15(a).

■ In relation to the slander cross-claim, the Court believes that Defendants White's and Trade Street's assertion is too removed from the subject matter of this action to permit the cross-claim. The original action is a contract dispute. A slander claim would introduce tort elements and possible constitutional defenses. Where a cross-claim for relief is not closely related to at least one of the claims in the original action, Rule 13(g) does not permit the cross-claim. *See* Wright & Miller, § 1431 at 162. Therefore, the Court does not believe a slander cross-claim is appropriate in this particular contract action.

## IV. CONCLUSION

NOW, THEREFORE, IT IS ORDERED that:

(1) The Motion to add A.E. Rountree and Grant L. Hamrick as third-party defendants and to permit a tortious interference with contract cross-claim and a breach of contract cross-claim be *DENIED;*

(2) The Motion to add Mark L. Bender; Aleta M. Pillick; and the law firm of Nexsen, Pruet, Jacobs & Pollard as third-party defendants and to permit cross-claims of extortion and fraud be *DENIED;*

(3) The Motion to amend Defendants White's and Trade Street's Answer to add a cross-claim of non-payment of a debt against co-defendants Loyd Daniel and Daniel, McKee & Company be *GRANTED;* and

(4) The Motion to add a cross-claim of slander against co-defendants Loyd Daniel and Daniel, McKee & Company be *DENIED.*